# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts <br> The Superior Court |
|---|---|---|
| PLAINTIFF(S): SARNO REALTY, INC. a/k/a SARNO REALTY, et al <br> ADDRESS: 99 CROSS STREET, METHUEN, MA <br><br> DEFENDANT(S): SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST | | COUNTY <br> Essex |
| ATTORNEY: SETH H. HOCHBAUM <br> ADDRESS: REGNANTE STERIO LLP, 401 EDGEWATER PLACE, SUITE 630, WAKEFIELD, MA 01880 <br> BBO: 568118 | ADDRESS: 40 WANTAGE AVENUE, BRANCHVILLE, NJ | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06 | BREACH OF INSURANCE CONTRACT | F | [x] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   [x] YES   [ ] NO

Is this a class action under Mass. R. Civ. P. 23?   [ ] YES   [x] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................... $
2. Total doctor expenses ........................... $
3. Total chiropractic expenses ........................... $
4. Total physical therapy expenses ........................... $
5. Total other expenses (describe below) ........................... $

Subtotal (A): $

B. Documented lost wages and compensation to date ........................... $
C. Documented property damages to date ........................... $
D. Reasonably anticipated future medical and hospital expenses ........................... $
E. Reasonably anticipated lost wages ........................... $
F. Other documented items of damages (describe below) ........................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

Provide a detailed description of claim(s):

TOTAL: $ 383,712.15

THE DEFENDANT HAS BREACHED A POLICY OF INSURANCE.

Signature of Attorney/ Unrepresented Plaintiff: X /s/ Hochbaum   Date: APRIL 15, 2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

N/A

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/ Hochbaum   Date: APRIL 15, 2020

COMMONWEALTH OF MASSACHUSETTS

ESSEX ss.                                                          SUPERIOR COURT
                                                                   CIVIL ACTION NO.

SARNO REALTY, INC. a/k/a            )
SARNO REALTY, MASS CABINETS, INC.   )
and NORTHEASTERN SCALE LUMBER       )
COMPANY, INC. a/k/a                 )
NORTHEASTERN SCALE LUMBER           )
COMPANY,                            )   **COMPLAINT AND JURY CLAIM**
     Plaintiffs,                    )
                                    )
v.                                  )
                                    )
SELECTIVE INSURANCE COMPANY OF      )
THE SOUTHEAST,                      )
     Defendant.                     )

## I.   PARTIES

1.   Plaintiff, Sarno Realty, Inc. a/k/a Sarno Realty ("Sarno"), is a corporation duly organized under, and existing pursuant to, the laws of the Commonwealth of Massachusetts with a usual place of business located at 99 Cross Street, City of Methuen, County of Essex, Commonwealth of Massachusetts (the "Property"). At all times material hereto, Sarno has owned the Property including the 19,200 square foot manufacturing facility built in 1967 situated thereon.

2.   Plaintiff, Mass Cabinets, Inc. ('Mass Cabinets"), is a corporation duly organized under, and existing pursuant to, the laws of the Commonwealth of Massachusetts with a usual place of business located at the Property. At all times

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1 }

material hereto, Mass Cabinets has been a tenant occupying part of the manufacturing facility situated on the Property.

3. Plaintiff, Northeastern Scale Lumber Company, Inc. a/k/a Northeastern Scale Lumber Company ("Northeastern"), is a corporation duly organized under, and existing pursuant to, the laws of the Commonwealth of Massachusetts with a usual place of business located at the Property. At all times material hereto, Northeastern has been a tenant occupying part of the manufacturing facility situated on the Property.

4. Defendant, Selective Insurance Company of the Southeast ("Selective"), is a property and casualty insurance company authorized to conduct business in the Commonwealth of Massachusetts with a usual place of business located at 40 Wantage Avenue, Borough of Branchville, County of Sussex, State of New Jersey.

## II.   FACTS

5. At all times material hereto, Mass Cabinets has been in the business of fabricating plastic laminate cabinets and countertops for commercial and industrial projects.

6. At all times material hereto, Northeastern has been in the business of manufacturing scale lumber.

7. At all times material hereto prior to April 13, 2017, the manufacturing facility situated on the Property was equipped with, among other things, a spray booth sprinkler system, a sprinkler system, fire alarms, Modine heaters and a dust collection system.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1}

8. On January 1, 2017, Selective issued a commercial policy of insurance, Policy No. S-2189443, to Sarno, Mass Cabinets and Northeastern (the "Policy"). A true and accurate copy of the Policy is attached as Exhibit 1 and incorporated by reference.

9. The Policy insured the Property and covered the period from January 1, 2017 through January 1, 2018.

10. As of April 13, 2017, the Policy was in full force and effect.

11. In pertinent part, the "ElitePac Property Extension Endorsement", Form CP 76 30 01 16, contained within the Policy provides as follows:

> **Ordinance or Law**
>
> The **Increased Cost of Construction Additional Coverage** is deleted and replaced by the following Ordinance Or Law Coverage Extension:
>
> You may extend the insurance that applies to Building as follows:
>
> 1. If there is direct physical loss or damage to described premises caused by or resulting from a Covered Cause of Loss we will pay the following to the extent it results from enforcement of an ordinance or law:
>
>    . . .
>
>    c. **Coverage C.** The increased cost to:
>
>       (1) Repair or reconstruct damaged portions of the same building; and/or
>
>       (2) Reconstruct or remodel undamaged portions of the same building, whether or not demolition is required.

(emphasis in original).

12. At all times material hereto, fire has been a "Covered Cause of Loss" under the Policy.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1 }                                    3

13.     On April 13, 2017, the manufacturing facility situated on the Property sustained significant fire, smoke and water damage as a result of a fire (the "Fire Loss").

14.     At the time of the Fire Loss, the coverage limit under the Policy for the increased costs which Sarno, Mass Cabinets and Northeastern was required to incur in order to comply with enforcement of ordinance or law was $500,000.00.

15.     As a result of the Fire Loss, the spray booth sprinkler system, sprinkler system, fire alarms, Modine heaters and dust collection system were damaged.

16.     In or around September 2018, Sarno, Mass Cabinets and Northeastern submitted plans for fire alarm and sprinkler work to the Methuen Fire Department, one of the local authorities having jurisdiction, for its review and approval.

17.     In response to Sarno's, Mass Cabinet's and Northeastern's aforesaid submission, the Methuen Fire Department, as one of the local authorities having jurisdiction, concluded that Sarno's, Mass Cabinet's and Northeastern's "[p]lans and **work shall comply** with all current 780 CMR, 527 CMR 1.00, as well as any NFPA regulations that apply per occupancy type" (emphasis added). A copy of an email authored by Captain Michael A. Fluet of the Methuen Fire Department dated September 14, 2018 is attached as Exhibit 2 and incorporated by reference.

18.     In response to Sarno's, Mass Cabinet's and Northeastern's aforesaid submission, the Methuen Fire Department, as one of the local authorities having jurisdiction, concluded that (a) "any plans being submitted for approval [by Sarno, Mass Cabinets and Northeastern] should be compliant with current building and fire codes", (b) it "**would only sign off on permitted plans**", and (c) it "**require[d] that any**

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1 }                    4

**work be compliant with the current codes"** (emphasis added). A copy of an email authored by Captain by Michael A. Fluet of the Methuen Fire Department dated August 5, 2019 is attached as Exhibit 3 and incorporated by reference.

19. Sarno, Mass Cabinets and Northeastern timely notified Selective of the Fire Loss and submitted several claims under the Policy for damages to the manufacturing facility situated on the Property.

20. One of the claims which Sarno, Mass Cabinets and Northeastern submitted under the Policy was for increased costs they were required to incur in order to comply with enforcement of applicable and current ordinances or laws with respect to the spray booth sprinkler system, make up air for spray booth system, sprinkler system, fire alarms, Modine heaters, dust collection system and glue booth systems.

21. Sarno, Mass Cabinets and Northeastern submitted claims to Selective in the sums of $29,274.85, $46,500.00 and $40,513.00 for the spray booth sprinkler system, make up air for spray booth system and Titan air unit for spray booth make up air system, respectively.

22. Selective paid the aforesaid ordinance or law claims in the aggregate sum of $116,287.85.

23. Selective, however, improperly and unlawfully declined, neglected and refused to pay for increased costs which Sarno, Mass Cabinets and Northeastern were required to incur in order to comply with enforcement of applicable and current ordinances or laws to repair or reconstruct the sprinkler system, Modine heaters, dust collection system and glue booth systems.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1}                                              5

24. On the basis that Sarno's, Mass Cabinets' and Northeastern's "upgrades" and "modifications" were the purported "result of elective decisions or were required due to elective decisions or the result of voluntary alterations", Selective concluded that the manufacturing facility situated at the Property allegedly "could have been returned to its pre-loss condition, without upgrade, . . . ." and notified Sarno, Mass Cabinets and Northeastern of its denial of payment for "claimed required upgrades or modifications to the fire protection, dust collection and mechanical systems" on August 20, 2019. A copy of Selective's August 20, 2019 letter is attached as Exhibit 4 and incorporated by reference.

25. The applicable and current building and fire codes as well as the local authorities having jurisdiction, including the Methuen Fire Department and Methuen Plumbing Inspector, mandated and required Sarno, Mass Cabinets and Northeastern to replace fully and/or repair the sprinkler system, Modine heaters, dust collection system and glue booth systems such that each system fully complied with all current and applicable codes.

26. The local authorities having jurisdiction, including the Methuen Fire Department and Methuen Plumbing Inspector, did not merely approve as code compliant the replacement plan presented by Sarno, Mass Cabinets and Northeastern.

27. Sarno, Mass Cabinets and Northeastern neither opted nor elected to replace or make additions to the sprinkler system, Modine heaters, dust collection system and glue booth systems, all of which were required by current and applicable building and fire codes to be upgraded. Copies of correspondence from ABA Fire

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1}                                6

Protection Co., Inc. (dated April 2, 2019), InLine Mechanical LLC (dated April 3, 2019) and Dustpipe.com, Inc. (dated June 14, 2019), all of which are vendors with which Sarno, Mass Cabinets and Northeastern contracted to perform the upgrades required by current building and fire codes, are attached as Exhibit 5 and incorporated by reference.

28. As a result of the Fire, Sarno, Mass Cabinets and Northeastern incurred increased costs in order to comply with the Methuen Fire Department's and Methuen Plumbing Inspector's respective enforcement of applicable and current ordinances and laws in the course of replacing or making additions to the sprinkler system, Modine heaters, dust collection system and glue booth systems.

29. As a result of, and in direct response to, mandates imposed by the Methuen Fire Department and Methuen Plumbing Inspector, Sarno, Mass Cabinets and Northeastern incurred the sums of $60,043.29 (sprinkler system upgrades), $2,100.00 (glue booth system), $10,025.00 (glue booth system), $64,015.00 (replacement of the Modine heater system), $316,659.00 (dust collection system), $82,920.00 (dust collection system) and $22,168.00 (dust collection system), none of which have been paid by Selective. A spreadsheet itemizing the incurred ordinance or law sums which have been paid and those which remain unpaid is attached as Exhibit 6 and incorporated by reference.

30. Sarno, Mass Cabinets and Northeastern are entitled to recover the sum of $555,831.09, of which $383,712.15 remains available for coverage under the Policy, for increased costs which it was required to incur, and actually incurred, in order to comply

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1}

7

with the mandates of the Methuen Fire Department and Methuen Plumbing Inspector and their respective enforcement of applicable and current ordinances and laws.

31.     As a result of the Fire Loss and the damage which it caused to the building situated at the Property, for the sole purposes of obviating the need to proceed to a reference proceeding with Selective pursuant to G.L. c. 175, § 100, *et. seq.*, Sarno, Mass Cabinets, Northeastern and Selective agreed that Sarno, Mass Cabinets and Selective sustained ordinance or law damages in the sum of $555,831.09 subject to the amounts previously paid for ordinance or law ($116,287.85) and the limit of coverage set forth in the Policy ($500,000.00).

32.     Selective has wrongfully failed, refused and neglected to afford coverage to Sarno, Mass Cabinets and Northeastern under the Policy for their ordinance or law claims under the Policy.

33.     Selective has engaged in proscribed unfair claim settlement practices by, among other things, (1) misrepresenting pertinent facts of insurance policy provisions relating to the coverage at issue, (2) refusing to pay Sarno's, Mass Cabinets' and Northeastern's ordinance or law claim without conducting a reasonable investigation based upon all available information, and (3) compelling Sarno, Mass Cabinet and Northeastern to institute litigation to recover amounts due under the Policy by offering substantially less than the amount ultimately recovered.

34.     Selective agreed to toll the applicable statute of limitations such that this action is timely filed.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1 }

8

## COUNT I
### (Declaratory Judgment)

35. Sarno, Mass Cabinets and Northeastern incorporate by reference paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. An actual controversy within the jurisdiction of this Court exists with respect to the matters stated heretofore between Sarno, Mass Cabinets and Northeastern and Selective.

37. At all times material hereto, Sarno, Mass Cabinets and Northeastern have been, and continue to be, entitled to recover under the Policy for the damages to the building situated on the Property, including indemnity for required compliance with ordinance or law, as a result of the Fire Loss.

38. Sarno, Mass Cabinets and Northeastern seek declarations by this Court that (a) coverage is available and owed to Sarno, Mass Cabinets and Northeastern under the Policy for required compliance with ordinance or law, under which Selective improperly and unlawfully denied coverage, and (b) Selective owes Sarno, Mass Cabinets and Northeastern the sum of $383,712.15 for their required compliance with ordinance or law as a result of the Fire Loss.

WHEREFORE, the plaintiffs, Sarno Realty, Inc. a/k/a Sarno Realty, Mass Cabinets, Inc. and Northeastern Scale Lumber Company, Inc. a/k/a Northeastern Scale Lumber Company, request that this Court declare, pursuant to G.L. c. 231A, that (a) coverage is available and owed to Sarno Realty, Inc. a/k/a Sarno Realty, Mass Cabinets, Inc. and Northeastern Scale Lumber Company, Inc. a/k/a Northeastern Scale Lumber

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1}

Company under the Policy for their required compliance with ordinance or law, under which Selective improperly and unlawfully denied coverage, and (b) Selective owes Sarno Realty, Inc. a/k/a Sarno Realty, Mass Cabinets, Inc. and Northeastern Scale Lumber Company, Inc. a/k/a Northeastern Scale Lumber Company the sum of $383,712.15 for their required compliance with ordinance or law as a result of the Fire Loss.

## COUNT II
### (Breach of Contract)

39.     Sarno, Mass Cabinets and Northeastern incorporate by reference paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     Selective has materially breached the Policy by failing, refusing and neglecting to (a) afford coverage to Sarno, Mass Cabinets and Northeastern under the Policy for Sarno's, Mass Cabinets' and Northeastern's required compliance with ordinance or law as a result of the Fire Loss, and (b) indemnify Sarno, Mass Cabinets and Northeastern the sum of $383,712.15 for their required compliance with ordinance or law as a result of the Fire Loss.

41.     As a result of Selective's material breach of the Policy, Sarno, Mass Cabinets and Northeastern have suffered damages.

WHEREFORE, the plaintiffs, Sarno Realty, Inc. a/k/a Sarno Realty, Mass Cabinets, Inc. and Northeastern Scale Lumber Company, Inc. a/k/a Northeastern Scale Lumber Company, demand judgment against the defendant, Selective Insurance

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1}                                     10

Company of the Southeast, in the full amount of their damages, plus interest, costs and attorney's fees.

## COUNT III
(Unfair and Deceptive Trade Acts and Practices)

42. Sarno, Mass Cabinets and Northeastern incorporate by reference paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. Selective is engaged in trade or commerce.

44. Selective's wrongful conduct occurred primarily and substantially in the Commonwealth of Massachusetts.

45. Selective's conduct constitutes knowing and willful unfair acts and/or deceptive practices declared illegal pursuant to G.L. c. 93A and the regulations promulgated thereunder.

46. As a result of Selective's unfair and deceptive trade acts and practices, Sarno, Mass Cabinets and Northeastern have suffered damages.

WHEREFORE, the plaintiffs, Sarno Realty, Inc. a/k/a Sarno Realty, Mass Cabinets, Inc. and Northeastern Scale Lumber Company, Inc. a/k/a Northeastern Scale Lumber Company, demand judgment against the defendant, Selective Insurance Company of the Southeast, for their actual damages plus an award of double or treble the amount of their actual damages due to the defendant's, Selective Insurance Company of the Southeast, willful or knowing violations of G.L. c. 93A and for reasonable attorney's fees, costs and interest.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1}                               11

## JURY DEMAND

The plaintiffs, Sarno Realty, Inc. a/k/a Sarno Realty, Mass Cabinets, Inc. and Northeastern Scale Lumber Company, Inc. a/k/a Northeastern Scale Lumber Company, claim a trial by jury on all counts so triable.

SARNO REALTY, INC. a/k/a SARNO REALTY, MASS CABINETS, INC. and NORTHEASTERN SCALE LUMBER COMPANY, INC. a/k/a NORTHEASTERN SCALE LUMBER COMPANY,
By their attorney,

*/s/ Seth H. Hochbaum*

SETH H. HOCHBAUM - BBO NO. 568118
REGNANTE STERIO LLP
Edgewater Office Park
401 Edgewater Place, Suite 630
Wakefield, MA 01880-6210
shochbaum@regnante.com
(781) 246-2525

Dated: April 15, 2020

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing document, via email, upon Seth V. Jackson, Esq., Zelle LLP, 161 Worcester Road, Suite 502, Framingham, MA 01701 on this 15th day of April, 2020.

*/s/ Seth H. Hochbaum*

SETH H. HOCHBAUM - BBO NO. 568118
REGNANTE STERIO LLP
Edgewater Office Park
401 Edgewater Place, Suite 630
Wakefield, MA 01880-6210
(781) 246-2525
shochbaum@regnante.com

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00356005.1}

12